**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TENLEY HARDIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br>v.<br><br>REGAL CASH GROUP, INC.; DOES 1 through 10, inclusive,<br><br>                Defendant(s). | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

Plaintiff, Tenley Hardin ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of REGAL CASH GROUP, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a New York corporation. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class

1

Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within this District.

## PARTIES

4. Plaintiff, TENLEY HARDIN ("Plaintiff"), is a natural person residing in Venice, California and is a "person" as defined by 47 U.S.C. § 153 (39).

5. Defendant, REGAL CASH GROUP, INC. ("Defendant"), is a small business loan company, and is a "person" as defined by 47 U.S.C. § 153 (39). Upon information and belief, Defendant is a domestic corporation dully organized under the laws of the State of New York with its principal place of business located in Brooklyn, New York.

6. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

2

## FACTUAL ALLEGATIONS

8. Beginning in or around July of 2018, Defendant contacted Plaintiff on her cellular telephone ending in -2480 in an effort to sell or solicit its services.

9. Defendant called Plaintiff on her cellular telephone from phone numbers confirmed to belong to Defendant, including without limitation (516) 453-6908.

10. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to sell or solicit its business services.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

13. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever.

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. Further, Plaintiff requested for Defendant to stop calling Plaintiff during one of the initial calls from Defendant, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(1)(iii)(B).

16. Plaintiff alleges upon information and belief, including without limitation her experiences as recounted herein, especially her experience of being called despite Defendant's lack

of express consent to call her, that Defendant lacks reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of two proposed class (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

18. The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

19. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

20. Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic

4

telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

21. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes The Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

23. Plaintiff and members of The ATDS Class and The ATDS Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

24. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and

which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

26. Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class. These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made

       for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

27.    As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

28.    Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties,

conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

30. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b).
### On Behalf of the ATDS Class and ATDS Revocation Class

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)
### On Behalf of the ATDS Class and the ATDS Revocation Class

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and members of the class respectfully pray for the following relief:

A. Certification of the class under Fed. R. Civ. P. 23;

B. On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

C. On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every

violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D);

E. Attorney's fees and costs; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 9, 2018

                **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:   /s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        Stephen P. DeNittis, Esq.
        525 Route 73 North, Suite 410
        Marlton, New Jersey 08053
        (T): (856) 797-9951
        rschmierer@denittislaw.com
        sdenittis@denittislaw.com

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
Meghan E. George, Esq.
(*Pro Hac Vice* Applications Forthcoming)
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
(T): (877) 206-4741
tfriedman@toddflaw.com

*Attorneys for Plaintiff*